1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8   JOE MATTHEW CRUZ,                          )
                                              )
9            Petitioner,                      )        3:10-cv-00522-RCJ-VPC
                                              )
10   vs.                                      )        **ORDER**
                                              )
11   JACK PALMER, *et al.*,                   )
                                              )
12            Respondents.                    )
     _____/

13

14       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

15   by a Nevada state prisoner.  This matter comes before the Court on the merits of the petition.

16   **I. Procedural History**

17       Following a jury trial, on January 18, 2007, petitioner was convicted of the following: Count

18   1, sexual assault with a minor under fourteen years of age; Count 2, attempted sexual assault with a

19   minor under fourteen years of age, and Counts 3 through 10, lewdness with a child under the age of

20   fourteen.  (Exhibit 2).[1]  Petitioner was sentenced as follows: Count 1, life imprisonment with a

21   minimum parole eligibility of 20 years; Count 2, a maximum of 240 months with a minimum parole

22   eligibility of 96 months; Counts 3 through 10, life imprisonment with a minimum parole eligibility

23   of ten years for each count, with all counts running concurrently to one another.  (Exhibit 3).  The

24

25       [1]  The exhibits referenced in this order are found in the Court's record at ECF No. 10.

26

1  judgment of conviction was entered on March 22, 2007.  (*Id.*).  Petitioner appealed his conviction.

2  (Exhibit 4).  On August 13, 2008, the Nevada Supreme Court affirmed petitioner's convictions.

3  (Exhibit 5).  Remittitur issued on September 9, 2008.  (Exhibit 6).

4          On December 8, 2008, petitioner filed a petition for a writ of habeas corpus in the state

5  district court.  (Exhibit 7).  On March 9, 2009, the district court entered findings of fact, conclusions

6  of law, and order denying the petition.  (Exhibit 8).  Petitioner appealed from the denial of his state

7  habeas petition.  On July 15, 2010, the Nevada Supreme Court entered an order affirming the denial

8  of the state habeas petition.  (Exhibit 9).  Remittitur issued on August 9, 2010.  (Exhibit 10).

9          Petitioner signed his federal habeas petition on July 26, 2010.  (ECF No. 6, at p. 50).  The

10  Court received the petition on August 23, 2010.  (ECF No. 1).  Petitioner asserts two claims in his

11  federal habeas petition.  The first ground of the federal petition is a copy of grounds contained in

12  petitioner's direct appeal.  (ECF No. 6, at pp. 4-29).  The second ground of the federal petition is a

13  copy of the grounds contained in the state habeas petition.  (*Id.*, at pp. 32-46).  Petitioner's grounds

14  for relief appear to be exhausted.  Respondents have filed an answer.  (ECF No. 10).  Although

15  petitioner was granted an opportunity to file a reply brief (ECF No. 5, at p. 2), he did not file one.

16  The Court now addresses the merits of each claim in the federal petition.

17  **II.  Federal Habeas Corpus Standards**

18          The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d),

19  provides the legal standard for the Court's consideration of this habeas petition:

20                      An application for a writ of habeas corpus on behalf of a person in
                        custody pursuant to the judgment of a State court shall not be granted
21                      with respect to any claim that was adjudicated on the merits in State
                        court proceedings unless the adjudication of the claim –
22
                        (1) resulted in a decision that was contrary to, or involved an
23                      unreasonable application of, clearly established Federal law, as
                        determined by the Supreme Court of the United States; or
24

25

26
                                            2

1                                     (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State
2                                     court proceeding.

3           The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

4    in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

5    to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court

6    decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C.

7    § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

8    Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

9    a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

10   Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529

11   U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).  The formidable

12   standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme

13   malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction

14   through appeal." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011) (quoting

15   *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

16          A state court decision is an unreasonable application of clearly established Supreme Court

17   precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct

18   governing legal principle from [the Supreme Court's] decisions but unreasonably applies that

19   principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

20   529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more

21   than merely incorrect or erroneous; the state court's application of clearly established federal law

22   must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).  In determining whether a

23   state court decision is contrary to, or an unreasonable application of federal law, this Court looks to

24   the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

25   *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9ᵗʰ Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

26

1    In a federal habeas proceeding, "a determination of a factual issue made by a State court shall

2 be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of

3 correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  If a claim has been

4 adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set

5 in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct.

6 1388, 1400 (2011).

7 **III.  Discussion**

8    **A.  Ground One**

9       **1.  Sufficiency of the Evidence**

10    Petitioner claims that there was insufficient evidence to convict him of attempted sexual

11 assault and sexual assault.  In rejecting petitioner's claims of insufficiency of the evidence on the

12 sexual assault charge, the Nevada Supreme Court ruled as follows:

13       Our review of the record reveals sufficient evidence to establish guilt
         beyond a reasonable doubt as determined by a rational trier of fact.
14       We have repeatedly held that "the uncorroborated testimony of a
         victim, without more, is sufficient to uphold a rape conviction."  With
15       respect to the conviction for sexual assault, the 13-year-old victim
         testified that the 25-year-old Cruz digitally penetrated her against her
16       will.  She stated that the next day she felt discomfort and observed
         blood when she urinated.  When interviewed by police, Cruz admitted
17       to the act of digital penetration, but claimed that the victim "came on
         to him," and blamed her for what occurred.
18
         The jury could reasonably infer from the evidence presented that Cruz
19       subjected the victim to a sexual assault against her will or under
         conditions in which he should have known that the victim was
20       mentally or physically incapable of resisting or understanding the
         nature of his conduct.  We will not disturb the jury's verdict where, as
21       here, substantial evidence supports the verdict.

22 (Exhibit 5, at pp. 2-3) (footnotes omitted).  As to petitioner's insufficiency of the evidence arguments

23 regarding the attempted sexual assault charge, the Nevada Supreme Court ruled as follows:

24       An "attempt" is "[a]n act done with the intent to commit a crime, and
         tending but failing to accomplish it.  Specifically, to prove attempted
25       sexual assault, the prosecution must establish that (1) appellant
         intended to commit sexual assault; (2) appellant performed some act
26

4

toward the commission of the crime; and (3) appellant failed to
consummate its commission." In Nevada, when intent to commit a
crime is clearly shown, there need only be slight acts in furtherance of
the crime to constitute an attempt.

* * *

Here, the victim testified that Cruz expressed his intent to rape her.
Evidence shows that Cruz had already sexually assaulted the victim,
fondled her, and compelled her to fondle him, before repeatedly
requesting that she engage in intercourse with him.  Even if Cruz
decided not to proceed due to the victim's persistent refusals, a jury
would not be precluded from finding that he intended to commit sexual
assault, that he performed an act in furtherance of the crime, and that
he abandoned his plan.  We conclude that there was sufficient evidence
of overt acts in conjunction with Cruz's repeated propositions for a
rational juror to find beyond a reasonable doubt that he was guilty of
attempted sexual assault of a minor.  Therefore, we conclude that not
relief is warranted on this claim.

(Exhibit 5, at pp. 3-6) (footnotes omitted).   The factual findings of the state court are presumed

correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada

Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court, or that the ruling was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding.  This Court denies habeas relief on the sufficiency of the evidence claims in the

federal petition.

### 2.  Trial Court's Refusal to Give Instruction on Lesser Offense

Petitioner claims that the trial court should have given the jury an instruction on a lesser

offense of open or gross lewdness.  In considering this claim, the Nevada Supreme Court held as

follows:

A "district court has broad discretion to settle jury instructions," and
we will review "the district court's decision for an abuse of that
discretion or judicial error."  "An abuse of discretion occurs if the
district court's decision is arbitrary or capricious or if it exceeds the
bounds of law or reason."  A "defendant is entitled to an instruction on
a lesser included offense if the evidence would permit a jury rationally
to find him guilty of the lesser offense and acquit him of the greater."
In Barton v. State, we determined that lesser included offenses would

1    be determined by the <u>Blockburger</u> test.  Under the <u>Blockburger</u> test, "if
     the elements of one offense are entirely included within the elements
2    of a second offense, the first offense is a lesser included offense."

3    Open or gross lewdness is a common law crime historically defined as
     "unlawful indulgence of lust involving gross indecency with respect to
4    sexual conduct committed it a public place and observed by persons
     lawfully present."  The crime no longer requires that the conduct be
5    observed by someone, but merely that it occurred in an open fashion or
     in a place typically open to the public.  This element of "openness" is
6    not included in the crime of lewdness with a child, which can be
     completed in a secretive manner.  Because open and gross lewdness
7    includes an element that lewdness with a child does not, we conclude
     that open and gross lewdness is not a lesser included offense of
8    lewdness with a child under 14 years.

9    Cruz argues that there is an alternative distinction between the two
     crimes that justifies his request for a lesser-included-offense
10   instruction.  Cruz contends that open or gross lewdness does not have
     the intent element required for lewdness with a child: the intent to
11   arouse, appeal to, or gratify the lusts, passions, or sexual desires of one
     of the parties.  He argues that the jury should have had the opportunity
12   to convict him of open or gross lewdness if it determined that the State
     had not met its burden to prove that he acted with an intent to arouse
13   himself or the victim.  Essentially, Cruz claims that the term
     "indulgence of lust" in the common law definition of open or gross
14   lewdness is not a requirement that the prohibited conduct be made with
     an intent to arouse either a perpetrator or victim.

15
     (Exhibit 5, at pp. 5-7) (footnotes and internal citations omitted).  The Nevada Supreme Court then
16
     concluded:
17
                 [W]e conclude that the element of "an unlawful indulgence of lust" in
18               the common law definition of open or gross lewdness encompasses an
                 act intended to arouse or appeal to a person's passions or sexual
19               desires, and proscribes conduct that is sexually gratifying to the actor
                 or the victim.  Therefore, we further conclude that lewdness with a
20               minor does not include an intent element not reflected in the crimes of
                 open or gross lewdness – both require sexual motivation.
21
                 However, even if we assume that all of the elements of open or gross
22               lewdness are included in the offense of lewdness with a minor, the
                 district court did not err by not giving a lesser-included-offense
23               instruction to the jury.  A defendant is not entitled to an instruction on
                 a lesser included offense in situations where "the prosecution has met
24               its burden of proof on the greater offense and there is no evidence at
                 the trial tending to reduce the greater offense."  If all of the elements of
25               open or gross lewdness are included in the crime of lewdness with a
                 child, the additional elements rendering lewdness with a child the
26

                                                    6

"greater" offense are the requirements that the act is "upon or with the body, or any part or member thereof, of a child" and that the victim is "under the age of 14 years."  There was no evidence presented at trial that the victim was over 14 years of age, and the defendant admitted to the acts with which he was charged.  Because no evidence was presented to lessen the proof of these two elements and thus reduce the greater offense, we conclude that the district court acted within its discretion by denying the requested instruction.

(Exhibit 5, a pp. 11-12) (footnotes omitted).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief on this ground of the federal petition.

### 3. Claim Regarding Nurse's Statement of Victim

Petitioner alleges that he brought to the trial court's attention a report that included a statement from a nurse that the victim had said that "a 12 or 16 year-old-boy touched her on top of her pants and in her private area."  The defense wanted to explore this allegation to establish that the victim has made prior allegations that went to the credibility of the witness.  The trial court denied the defense's request.

In rejecting this claim, the Nevada Supreme Court ruled as follows:

Finally, Cruz argues that the district court violated his constitutional rights and denied him a fair trial when it determined that the victim's statements to a sexual assault nurse that a "12-year-old or 16-year-old boy [had] touched the top of her pants and private area" was inadmissible.  The rape shield law prohibits the presentation of "evidence of any previous sexual conduct of the victim of the crime to challenge the victim's credibility as a witness unless the prosecutor has presented evidence or the victim has testified concerning such conduct, or the absence of such conduct."  In Miller v. State, we held that prior false accusations of sexual abuse or sexual assault are excepted from the statute provided that the defense first files written notice of intent to cross-examine the complaining witness regarding the prior false accusations.  Further, the defense "must establish by a preponderance of the evidence," outside the presence of the jury, "that (1) the accusation or accusations were in fact made; (2) that the accusation or

7

accusations were in fact false; and (3) that the evidence is more probative than prejudicial." "The trial court has sound discretion to admit or exclude evidence of a victim's prior false allegations or prior sexual experiences."

(Exhibit 5, at pp. 11-12) (footnotes omitted).  The Nevada Supreme Court noted that petitioner did not comply with the *Miller* requirements, and denied the claim. (*Id.*, at p. 12).  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief on this ground of the federal petition.

### B.  Ground Two

#### 1.  Alleged Coerced or Involuntary Confession

Petitioner asserts that his confession was involuntary or coerced.  Petitioner made this claim in his appeal from the denial of his state habeas petition.  The Nevada Supreme Court declined to consider the claim of an involuntary or coerced confession, as expressed in the following language:

> Appellant also alleged that his confession was involuntary and that there was insufficient evidence to convict him.  These claims should have been raised on direct appeal and appellant failed to demonstrate good cause and prejudice to overcome the procedural bar.  NRS 34.810(1)(b)(2).  Further, appellant raised sufficiency of the evidence on direct appeal, and therefore, this claim is barred by the doctrine of law of the case.  See Hall v. State, 91 Nev. 314, 535 P.2d 797 (1975).
>
> We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based on those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

(Exhibit 9, at p. 4, n.2).  Respondents argue that petitioner's claim that his confession was involuntary and coerced is procedurally barred.  The Court agrees.

1

**a. Procedural Default Principles**

2    "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

3  state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

4  A federal court will not review a claim for habeas corpus relief if the decision of the state court

5  regarding that claim rested on a state law ground that is independent of the federal question and

6  adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

7    The *Coleman* Court stated the effect of a procedural default, as follows:

8             In all cases in which a state prisoner has defaulted his federal claims in
             state court pursuant to an independent and adequate state procedural
9             rule, federal habeas review of the claims is barred unless the prisoner
             can demonstrate cause for the default and actual prejudice as a result of
10            the alleged violation of federal law, or demonstrate that failure to
             consider the claims will result in a fundamental miscarriage of justice.
11

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural
12

default doctrine ensures that the state's interest in correcting its own mistakes is respected in all
13

federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).
14

15    To demonstrate cause for a procedural default, the petitioner must be able to "show that some

*objective factor external to the defense* impeded" his efforts to comply with the state procedural rule.
16

*Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external impediment must have
17

prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).
18

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.
19

*Murray*, 477 U.S. at 488.  However, for ineffective assistance of counsel to satisfy the cause
20

requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented
21

to the state courts. *Murray*, 477 U.S. at 488-89.  In addition, the independent ineffective assistance
22

of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*,
23

529 U.S. 446, 453 (2000).
24

25    With respect to the prejudice prong of cause and prejudice, the petitioner bears:

26

9

the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### b.  Claim of Involuntary Confession was Procedural Defaulted in State Court on Independent and Adequate State Grounds

In the federal petition, petitioner claims that his confession was involuntary and coerced.  Petitioner raised the same claim in his appeal from his state habeas petition.  The Nevada Supreme Court found this claim procedurally defaulted.  The Nevada Supreme Court cited NRS 34.810(1)(b)(2), and found that such claims should have been raised on direct appeal and appellant failed to demonstrate good cause and prejudice to overcome the procedural bar.  Due to this procedural defect, the Nevada Supreme Court declined to consider petitioner's arguments in the first instance.  (Exhibit 9, at p. 4, n.2).  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  The Nevada Supreme Court's decision was based on independent and adequate grounds in the instant case, as the Court refused to consider the merits of the argument, but instead relied entirely on NRS 34.810 in denying relief.

### c.  Cause and Prejudice

Petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise this claim on direct appeal.  Neither the petition itself, nor petitioner's other filings address the procedural default of this claim or asserts any argument of cause and prejudice to excuse the procedural default.  This Court finds that petitioner's claim that his

1    confession was involuntary or coerced was procedurally defaulted in state court.  As such, the claim

2    is barred from review by this Court, and will be dismissed on that ground.

3                              **2.  Insufficiency of the Evidence**

4            Petitioner repeats his claim of insufficiency of the evidence, as he previously asserted in the

5    federal petition.  This ground was addressed previously in this order.  Because this ground duplicates

6    the insufficiency of the evidence claim in Ground 1, the Court dismisses this claim.

7                          **3.  Ineffective Assistance of Counsel Claims**

8                       **a.  Standard for Ineffective Assistance of Counsel**

9            Ineffective assistance of counsel claims are governed by the two-part test announced in

10   *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court held that a

11   petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the

12   attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the

13   Sixth Amendment, and (2) that the deficient performance prejudiced the defense.  *Williams v.*

14   *Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687).  To establish

15   ineffectiveness, the defendant must show that counsel's representation fell below an objective

16   standard of reasonableness.  *Id.*  To establish prejudice, the defendant must show that there is a

17   reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

18   would have been different.  *Id.*  A reasonable probability is "probability sufficient to undermine

19   confidence in the outcome."  *Id.*  Additionally, any review of the attorney's performance must be

20   "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in

21   order to avoid the distorting effects of hindsight.  *Strickland,* 466 U.S. at 689.  It is the petitioner's

22   burden to overcome the presumption that counsel's actions might be considered sound trial strategy.

23   *Id.*

24           Ineffective assistance of counsel under *Strickland* requires a showing of deficient

25   performance of counsel resulting in prejudice, "with performance being measured against an

26

11

1   'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v.*

2   *Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an

3   ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

4   to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1,

5   5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of

6   reasonable professional assistance.  *Id.*

7          The United States Supreme Court has described federal review of a state supreme court's

8   decision on a claim of ineffective assistance of counsel as "doubly deferential."  *Cullen v. Pinholster*,

9   131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct.

10   1411, 1413 (2009)).  In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly

11   deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'"  *Id.* at

12   1403 (internal citations omitted).  Moreover, federal habeas review of an ineffective assistance of

13   counsel claim is limited to the record before the state court that adjudicated the claim on the merits.

14   *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.  The United States Supreme Court has specifically

15   reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective

16   assistance of counsel:

17          Establishing that a state court's application of *Strickland* was
           unreasonable under § 2254(d) is all the more difficult.  The standards
18          created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at
           689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117
19          S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in
           tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at
20          1420.  The *Strickland* standard is a general one, so the range of
           reasonable applications is substantial.  556 U.S. at ___, 129 S.Ct. at
21          1420.  Federal habeas courts must guard against the danger of equating
           unreasonableness under *Strickland* with unreasonableness under  §
22          2254(d).  When § 2254(d) applies, the question is whether there is any
           reasonable argument that counsel satisfied *Strickland's* deferential
23          standard.

24    *Harrington v. Richter*, 262 U.S. ___, ___ 131 S.Ct. 770, 788 (2011).  "The question is whether an

25   attorney's representation amounted to incompetence under prevailing professional norms, not

26

1   whether it deviated from best practices or most common custom." *Id.* (internal quotations and

2   citations omitted).

3          Finally, the *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith*

4   *v. Robbins*, 528 U.S. 259, 285 (2000).  Appellate counsel has no constitutional duty to raise every

5   non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  To state

6   a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that

7   counsel's performance was deficient in that it fell below an objective standard of reasonableness, and

8   (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability

9   of success on appeal. *Id.*  "Experienced advocates since time beyond memory have emphasized the

10  importance of winnowing out weaker arguments on appeal and focusing on one central issue if

11  possible, or at most on a few key issues. *Id*. at 751-52.  Petitioner must show that his counsel

12  unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980

13  (9ᵗʰ Cir. 2000).  It is inappropriate to focus on what could have been done rather than focusing on the

14  reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9ᵗʰ Cir. 2004)

15  (citation omitted).

16          **b.  Ineffective Assistance of Counsel Claims Regarding Petitioner's**
             **Confession Statement**

17

18      Petitioner alleges that his trial counsel was ineffective for failing to object or file a motion to

    suppress petitioner's confession.  The Nevada Supreme Court addressed this claim as follows:

19

20              First, appellant claimed that trial counsel was ineffective for failing to
                object or file motions to suppress his confession.  Appellant failed to
                demonstrate that trial counsel's performance was deficient or that he

21              was prejudiced.  Appellant failed to demonstrate that an objection or a
                motion to suppress would have been successful and counsel is not

22              deficient for failing to make futile objections or motions. See
                Donovan v. State, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978).

23

24  (Exhibit 9, at p. 2).  Petitioner contends that his confession to the investigating officer was hearsay

    and counsel failed to object to it as inadmissible.  The Nevada Supreme Court ruled:

25

26

13

1

> [A]ppellant claimed that trial counsel was ineffective for failing to
> object to the officer's testimony regarding appellant's statements to the
> police because it was hearsay.  Appellant failed to demonstrate that
> trial counsel's performance was deficient or that he was prejudiced.
> The officer's testimony was not hearsay because appellant's statements
> to the police were admissions of a party opponent.  NRS 51.035(3).

2

3

4

(*Id.*).  Petitioner also contends that counsel was ineffective for failing to call him to testify about his

5

confession.  The Nevada Supreme Court ruled on this claim as follows:

6

> [A]ppellant claimed that trial counsel was ineffective for failing to call
> appellant to testify about his confession.  Appellant failed to
> demonstrate that trial counsel's performance was deficient or that he
> was prejudiced.  During trial, the district court canvassed appellant
> concerning his right to testify and whether he had discussed this right
> with his attorney.  Thus, appellant waived the right to testify.
> Therefore, the district court did not err in denying this claim.

7

8

9

10

(*Id.*).  Petitioner further claims that his counsel was ineffective for failing to require the State to play

11

the interview tape for the jury.  This claim was rejected by the Nevada Supreme Court:

12

> [A]ppellant claimed that trial counsel was ineffective for failing to
> require the State to play the interview tape for the jury.  Appellant
> failed to demonstrate that he was prejudiced because he failed to
> demonstrate a reasonable probability of a different outcome at trial had
> the tape been played.  Therefore, the district court did not err in
> denying this claim.

13

14

15

16

(Exhibit 9, at pp. 2-3).  The factual findings of the state court are presumed correct.  28 U.S.C.

17

§ 2254(e)(1).  Petitioner has not shown that there is a reasonable probability that, but for counsel's

18

failure to object or file a motion to suppress his confession, that the result of the proceeding would

19

have been different.  Regarding counsel's failure to object to the officer's testimony of petitioner's

20

admission, the admission was not hearsay, thus there is no reasonable probability that objecting to

21

the admission would have changed the result of the proceeding.  Petitioner has not shown that there

22

is a reasonable probability that, but for counsel's failure to call petitioner to testify about his

23

confession, that the result of the proceeding would have been different.  Finally, petitioner has not

24

shown a reasonable probability that, but for counsel's failure to play the interview tape for the jury,

25

that the result of the proceeding would have been different.  Counsel was not ineffective under the

26

14

1   deferential *Strickland* standard.  *See Harrington v. Richter*, 562 U.S. ___, ___ 131 S.Ct. 770, 788

2   (2011).  Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling

3   was contrary to, or involved an unreasonable application of, clearly established federal law, as

4   determined by the United States Supreme Court, or that the ruling was based on an unreasonable

5   determination of the facts in light of the evidence presented in the state court proceeding.  The Court

6   denies habeas relief on this ground of the federal petition.

7   **c. Counsel's Failure to File Written Notice to Cross Examine Victim**

8   Petitioner asserts that his trial counsel was ineffective for failing to file written notice of an

9   intent to cross examine the victim.  The Nevada Supreme Court addressed this claim:

10  [A]ppellant claimed that trial counsel was ineffective for failing to file
    a written notice of intent to cross-examine the victim regarding

11  allegations she had made against another boy.  Appellant failed to
    demonstrate that he was prejudiced because he failed to demonstrate

12  that the district court would have allowed this evidence had counsel
    properly requested it.  Further, appellant failed to demonstrate a

13  reasonable probability of a different outcome at trial had this evidence
    been allowed in.  Therefore, the district court did not err in denying

14  this claim.

15  (Exhibit 9, at p. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. §

16  2254(e)(1).  Petitioner has not shown a reasonable probability that, but for counsel's failure to file

17  written notice of an intent to cross examine the victim, that the result of the proceeding would have

18  been different.  Counsel was not ineffective under the deferential *Strickland* standard.  *See*

19  *Harrington v. Richter*, 562 U.S. ___, ___ 131 S.Ct. 770, 788 (2011).  Petitioner has failed to meet

20  his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an

21  unreasonable application of, clearly established federal law, as determined by the United States

22  Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of

23  the evidence presented in the state court proceeding.  The Court denies habeas relief on this ground

24  of the federal petition.

25  **d. Counsel's Failure to Call Mitigation Witnesses**

26

15

1    Petitioner claims that counsel failed to call witnesses for the purpose of mitigation.  The

2  Nevada Supreme Court rejected this claim:

3           [A]ppellant claimed that trial counsel was ineffective for failing to call
            witnesses for mitigation purposes.  Appellant failed to allege specific
4           facts, that if true, entitled him to relief. Hargrove v. State, 100 Nev.
            498, 502-03, 686 P.2d 222, 225 (1984).  Specifically, he failed to
5           allege who these witnesses were or what they would have testified to.
            Therefore, the district court did not err in denying this claim.
6
   (Exhibit 9, at p. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. §
7
   2254(e)(1).  Petitioner has not shown a reasonable probability that, but for counsel's failure to call
8
   witnesses for mitigation purposes, that the result of the proceeding would have been different.
9
   Counsel was not ineffective under the deferential *Strickland* standard.  *See Harrington v. Richter*,
10
   562 U.S. ___, ___ 131 S.Ct. 770, 788 (2011).  Petitioner has failed to meet his burden of proving
11
   that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of,
12
   clearly established federal law, as determined by the United States Supreme Court, or that the ruling
13
   was based on an unreasonable determination of the facts in light of the evidence presented in the
14
   state court proceeding.  The Court denies habeas relief on this ground of the federal petition.
15
                     **e.  Counsel's Failure to Investigate the Victim's Motive and Previous**
16                      **Allegations She Had Made Against Another Boy**

17    Petitioner claims that his counsel was ineffective for failing to investigate the victim's motive

18  and the previous allegations she had made against a different boy.  The Nevada Supreme Court

19  considered this claim and ruled:

20           [A]ppellant claimed that trial counsel was ineffective for failing to
            investigate the victim's motive and the previous allegations she had
21           made against a different boy.  Appellant failed to demonstrate that
            counsel was deficient or that he was prejudiced.  Appellant failed to
22           allege what he believed the motive of the victim was and therefore
            failed to allege specific facts, that if true, would entitle him to relief.
23           See id.  As to the previous allegations, appellant failed to demonstrate
            what further investigation could have been done.  Therefore, the
24           district court did not err in denying this claim.

25

26

                                            16

1    (Exhibit 9, at p. 3).  The factual findings of the state court are presumed correct.  28 U.S.C. §

2    2254(e)(1).  Petitioner has not shown a reasonable probability that, but for counsel's failure to

3    investigate the victim's motive and previous allegations she had made against another boy, that the

4    result of the proceeding would have been different.  Counsel was not ineffective under the deferential

5    *Strickland* standard.  *See Harrington v. Richter*, 562 U.S. ___, ___ 131 S.Ct. 770, 788 (2011).

6    Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was

7    contrary to, or involved an unreasonable application of, clearly established federal law, as

8    determined by the United States Supreme Court, or that the ruling was based on an unreasonable

9    determination of the facts in light of the evidence presented in the state court proceeding.  The Court

10   denies habeas relief on this ground of the federal petition.

**f.  Counsel's Failure to Properly Consult Regarding Appeal**

12        Petitioner's final claim is that his counsel was ineffective for failing to properly consult with

13   him regarding his right to an appeal and his failure to file a notice of appeal on petitioner's behalf.

14   The Nevada Supreme Court considered and rejected this claim, as follows:

> [A]ppellant claimed that he received ineffective assistance of appellate
> counsel.  Appellant claimed that appellate counsel was ineffective for
> failing to file a notice of appeal and for failing to consult with him
> regarding his appeal.  Appellant failed to demonstrate that counsel was
> deficient or that he was prejudiced.  Appellate counsel filed a timely
> notice of appeal and appellant failed to allege what claims he wanted
> counsel to include on appeal.  <u>See id.</u>  Therefore, the district court did
> not err in denying these claims.

20   (Exhibit 9, at pp. 3-4).  The factual findings of the state court are presumed correct.  28 U.S.C. §

21   2254(e)(1).  Petitioner has not show that counsel failed to file a timely notice of appeal, or that he

22   failed to consult with petitioner about the issues pursued on appeal.  Petitioner has not demonstrated:

23   (1) that counsel's performance was deficient in that it fell below an objective standard of

24   reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a

25   reasonable probability of success on appeal.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

26   Appellate counsel was not ineffective under the deferential *Strickland* standard.  *See Harrington v.*

17

1  *Richter*, 562 U.S. ___, ___ 131 S.Ct. 770, 788 (2011).  Petitioner has failed to meet his burden of

2  proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable

3  application of, clearly established federal law, as determined by the United States Supreme Court, or

4  that the ruling was based on an unreasonable determination of the facts in light of the evidence

5  presented in the state court proceeding.  The Court denies habeas relief on this ground of the federal

6  petition.

7  **IV.  Certificate of Appealability**

8     In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28

9  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

10  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  District

11  courts are required to rule on the certificate of appealability in the order disposing of a proceeding

12  adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for

13  certificate of appealability to be filed.  Rule 11(a) of the Rules Governing Section 2254 and 2255

14  Cases.  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

15  right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

16  473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

17  court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

18  484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

19  issues are debatable among jurists of reason; that a court could resolve the issues differently; or that

20  the questions are adequate to deserve encouragement to proceed further.  *Id.*  In this case, no

21  reasonable jurist would find this Court's denial of the petition debatable or wrong.  The Court

22  therefore denies petitioner a certificate of appealability.

23  / / / / / / / / / /

24  **V.  Conclusion**

25

26

1    **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED**

2 **IN ITS ENTIRETY**.

3    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

4 **APPEALABILITY.**

5    **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

6 **ACCORDINGLY.**

7    Dated this 30th day of July, 2013.

8

9    _____
     UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

19